## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**WALTER CURTIS MOLES,**
**ADC #119166**                                                                           **PLAINTIFF**

**V.**                              **CASE NO. 4:20-CV-1508-LPR-BD**

**ROBERT FORREST, *et al.***                                        **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.    Procedure for Filing Objections:

This Recommendation for the dismissal of all remaining claims has been sent to Judge Lee P. Rudofsky. The parties may file objections if they disagree with the findings or conclusions set out in this Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. Parties who do not file objections risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

### II.    Background:

Walter Curtis Moles, an Arkansas Division of Correction (ADC) inmate, filed this civil rights lawsuit without the help of a lawyer. (Doc. No. 2) Mr. Moles claims that Defendants denied him adequate mental health treatment during his incarceration in the ADC. With Mr. Moles's consent, the Court dismissed claims against Defendants Forrest and Lee on April 12, 2021. (Doc. No. 49)

Defendants Buterbaugh, Griffin, and Payne (ADC Defendants) have filed motions to dismiss. (Doc. Nos. 13, 38) Mr. Moles responded to the first motion to dismiss. (Doc. No. 23) He has not filed a response to the second motion, but the time allowed for filing a response has passed.

### III.    Motion to Dismiss:

A.    Standard

In deciding whether Mr. Moles has adequately stated a federal claim for relief, the Court must assume the truth of all allegations in the complaint and determine whether those allegations, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 561 (citation omitted). Rather, the facts set forth in the complaint must "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570.

B.    Sovereign Immunity

A civil litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989). Accordingly, Mr. Moles's claims for money damages from the ADC Defendants in their official capacities are barred by sovereign immunity.

C.    Qualified Immunity: the ADC Defendants

Defendants assert qualified immunity with respect to Mr. Moles's claims for money damages against them in their individual capacities. Qualified immunity protects

2

government officials from liability for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person [in their positions] would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To determine whether the ADC Defendants are entitled to qualified immunity, the Court must consider whether the facts alleged by Mr. Moles establish a violation of a constitutional or statutory right; and, if so, whether that right was clearly established at the time of the Defendants' alleged misconduct. *Wright v. United States*, 813 F.3d 689, 695 (8th Cir. 2015).

In his complaint, Mr. Moles details his long struggle with mental health issues: depression, post-traumatic stress disorder, and bi-polar schizophrenic affective disorder. He alleges that he signed several HIPAA releases and complains that ADC officials never obtained his prescription medication history so that he could receive appropriate medications for his illnesses. He further alleges that ADC Defendants Buterbaugh and Griffin "illegally rejected" the grievances he submitted about his mental health needs; that Defendant Griffin failed to properly address the issues raised in his grievances; and that Defendant Payne failed to properly train the ADC medical staff.[1]

Mr. Moles's complaints about the grievance process do not state a constitutional claim for relief. Under settled law, inmates do not have a right to a grievance process at all; therefore, an official's failure to follow the grievance procedure is not a matter that

---

[1] Mr. Moles also complains that ADC officials failed to notify him that his medical records from Baptist Health were confiscated in violation of ADC policy. (Doc. No. 2-1 at p. 19; Doc. No. 8 at pp.18-20, 22) Mr. Moles does not allege that the ADC Defendants were involved in that incident.

federal courts can address. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); and *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Allegations that Defendants Buterbaugh and Griffin failed to timely process and respond to grievances, even if true, do not state a federal claim for relief.

In his amended complaint, Mr. Moles states that Defendant Payne should properly train ADC medical staff to ensure that inmates are provided the prescription medications they need. (Doc. No. 8 at p.33) In a § 1983 action such as this, a supervisor cannot be held liable for the unconstitutional conduct of a subordinate unless the supervisor was personally involved in the violation.[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009); *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010); see also *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). In other words, Defendant Payne is liable only for his own actions; that is, for his personal involvement in the deprivation of Mr. Moles's rights. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948.

A prison supervisor can be held liable for failing to properly supervise or train subordinates where that failure causes harm. Likewise, supervisors can be held liable if they fail to take corrective action in response to a violation that they learn of. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995); *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir.

---

[2] In his response to the Defendants' first motion to dismiss, Mr. Moles specifically states that Defendant Payne is "responsible for controlling subordinates under him and responsible for his subordinates['] training." (Doc. No. 23 at p.10)

1993). To state a claim for failure to supervise, however, Mr. Moles would have to allege facts showing that Defendant Payne "(1) received notice of a pattern of unconstitutional acts committed by subordinates; (2) demonstrated deliberate indifference to or tacit authorization of the offensive acts; (3) failed to take sufficient remedial action; and (4) that such failure proximately caused the injury." *Parrish*, 594 F.3d at 1002; *Otey v. Marshall*, 121 F.3d 1150, 1156 (8th Cir. 1997). Notably, a "single incident, or series of isolated incidents, usually provides an insufficient basis upon which to assign supervisor liability." *Lenz v. Wade*, 490 F.3d 991, 995-96 (8th Cir. 2007).

Here, Mr. Moles does not allege that the ADC medical staff had a pattern of failing to provide inmates with appropriate mental health treatment. More importantly, he does not allege that Defendant Payne knew that his employees had a pattern of engaging in any alleged unconstitutional conduct. Even reading the allegations in the complaints broadly, Mr. Moles has failed to state a constitutional claim against Defendant Payne.[3]

---

[3] In his amended complaint, Mr. Moles states that Defendant Griffin should be liable for failing to address ADC officials' failure to process his HIPAA releases and failure to provide him appropriate medication. In his response to the ADC Defendants' motion to dismiss, Mr. Moles states that Defendant Payne should have investigated ADC officials' failure to request his medical records from Conway Behavioral Health. (Doc. No. 23 at p.10) To the extent that Mr. Moles seeks to hold Defendant Griffin liable for his supervisory role at the ADC, this claim fails for the same reasons this claim fails against Defendant Payne. Mr. Moles does not allege that the ADC medical staff had a pattern of failing to request inmates' medical or mental health records. More importantly, he does not allege that Defendant Griffin knew that his employees had a pattern of engaging in any unconstitutional conduct.

**IV.    Defendants Ryles, Roker, Thorson, Ware, Parker, and Caldwell:**

On March 16, 2021, the Court reminded Mr. Moles of his responsibility to provide the Court with valid service addresses for Defendants Ryles, Roker, Thorson, Ware, Parker, and Caldwell. *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993). (Doc. No. 41) To date, Mr. Moles has not notified the Court where these Defendants can be served with summonses and copies of the complaints, and the time allowed for serving Defendants has expired. See FED.R.CIV.P. 4(m) (summons and complaint must be served within 90 days after the complaint is filed).

**V.    Conclusion:**

The Court recommends that the ADC Defendants' motions to dismiss be GRANTED. Mr. Moles's claims against Defendant Buterbaugh, Griffin, and Payne should be DISMISSED, without prejudice, based on the failure to state a federal claim for relief. Claims against Defendants Ryles, Roker, Thorson, Ware, Parker, and Caldwell should also be DISMISSED, without prejudice, based on Mr. Moles's failure to effect service of process for these Defendants.

DATED this 6th day of May, 2021.

_____

UNITED STATES MAGISTRATE JUDGE